# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50910
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Bradley Fariss Pieper,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1926-1

————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Bradley Fariss Pieper was charged with using interstate commerce to induce or coerce or attempt to induce or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He appeals an order by the district court affirming the magistrate judge's order of detention and requiring him to remain detained pending trial.

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50910

Pieper contends that the district court failed to consider the relevant factors under 18 U.S.C. § 3142(g) in finding that his appearance at trial and the safety of the community could not have been reasonably assured by conditions of pretrial release. He specifically argues that he rebutted the presumption against release that applies where probable cause supports that the defendant violated § 2422(b), *see* § 3142(e)(3)(E), by providing evidence of his personal history and characteristics to show that he is not a danger to the community. That evidence included his lack of criminal history, United States citizenship, and family ties in New Mexico, where he can reside with his parents.

We apply a deferential standard of review that "equate[s] to the abuse-of-discretion standard" when considering a district court's pretrial detention order. *See United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). Even if evidence is produced to rebut the presumption against release under § 3142(e)(3), the presumption still "may be weighed in the evidentiary balance." *Hare*, 873 F.2d at 799. Reviewing the record as a whole, we conclude that Pieper is not entitled to relief. The district court's order is supported by at least three of the four § 3142(g) factors: the nature and circumstances of the offense charged, the weight of the evidence against him, and the seriousness of the danger to any person or the community that would be posed by his release. Thus, we find no abuse of discretion by the district court in ordering Pieper detained pending trial. *See Rueben*, 974 F.2d at 586; *Hare*, 873 F.2d at 798.

The order of detention pending trial is AFFIRMED.